UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER SHORTER, | ) |
| Plaintiff | ) |
| | ) CAUSE NO.  3:05-CV-332 RM |
| v. | ) |
| JENNIE JAMES, *et al.*, | ) |
| Defendants | ) |

OPINION AND ORDER

Christopher Shorter, a prisoner confined at the St. Joseph County Jail, submitted a complaint under 42 U.S.C. § 1983, alleging that head nurse Jennie James and Bob in the food service department violated his federally protected rights by twice moving him to the medical ward where there are smaller food portions as a form of punishment. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Shorter alleges that the defendants placed him in the medical ward as punishment, gave him small meal portions, and denied him access to the commissary while in the medical ward at the St. Joseph County Jail as a pretrial detainee. The Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979) (Fourteenth Amendment prohibits punishment of persons who have not been convicted of a crime); Robinson v. Moses, 644 F.Supp. 975 (N.D. Ind. 1986); the rights of pre-trial detainees are derived from the due process clause. But "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003).

The Constitution doesn't mandate comfortable prisons or jails, and "only those deprivations denying "'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v.

Seiter, 501 U.S. 294, 298 (1991), quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

"To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted). Jails do not have to duplicate the amenities of small hotels, and to make out a claim under 42 U.S.C. § 1983, a prisoner must show that intentional actions of the defendants served to deprive him of a constitutional right. Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir.), cert. denied, 488 U.S. 863 (1988).

Mr. Shorter's allegation that he was given smaller portions and denied commissary are insufficient to establish that the defendants acted maliciously, intending to punish or injure him. *See* Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992) (if the chance of harm is remote, subjective component of test for punishment is not established). Accordingly, even giving Mr. Shorter the benefit of the inferences to which he is entitled, the defendants did not deprive him of the minimal civilized measure of life's necessities .

Mr. Shorter alleges that on April 14, 2005 and April 26, 2005, head nurse Jennie James sent him to the medical ward as a form of punishment. Mr. Shorter says he has a hernia which is a serious medical condition. On April 14, Mr. Shorter was seen by an outside doctor. When he returned from seeing the doctor, head nurse James moved him to the medical ward, and Mr. Shorter was there until April 19. On April 26, after an appointment with another doctor, head nurse James once again moved him to the medical ward.

The Fourteenth Amendment's due process clause does not protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner. Sandin v. Conner, 515 U.S. 472, 484 (1995), citing Meachum v. Fano, 427 U.S. 215, 222 (1976). Due process rights may arise either directly from the Fourteenth Amendment or be created by state law. Meachum v. Fano, 427 U.S. at 225-228. The Fourteenth Amendment itself creates no right to due process before a state prisoner can be moved from one institution to another, Meachum v. Fano, 427 U.S. at 224-225, or from one portion of an institution to another, Williams v. Faulkner, 837 F.2d 304, 309 (7th Cir. 1987), and only dramatic departures from the basic conditions of a prisoner's sentence create circumstances "in which a state might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. at 486. Even confinement in disciplinary segregation for up to a year is not the sort of dramatic departure from the basic conditions of a prisoner's sentence in which a state might conceivably create a liberty interest. Stone-Bey v. Barnes, 913 F. Supp. 1226, 1232-33 (N.D.Ind.1996).

The facts as presented by Mr. Shorter do not support his allegation that he was moved to the medical ward as a form of punishment. To the contrary, he was moved to the medical ward for a short time only after seeing a doctor for a serious medical condition. Accordingly, that defendant James may have placed Mr. Shorter in the medical ward states no claim upon which relief can be granted.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED:  June 14 , 2005

                                          /s/ Robert L. Miller, Jr.
                                          Chief Judge
                                          United States District Court